```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOU ANN DELANEY also known as
   MARY L. DELANEY,

                       Plaintiff,                09-CV-0251-A

v.                                               **DECISION**
                                                 **and ORDER**
MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                       Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Lou Ann Delaney ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") as well as Supplemental Security Income ("SSI"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Eric L. Glazer, denying her application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. This Court finds that the decision of the Commissioner

for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On June 22, 2006, Plaintiff, at the time a fifty year-old unemployed woman, filed an application for Disability Insurance Benefits under Title II and Supplemental Security Income under Title XVI of the Act claiming an alleged disability onset date of June 14, 2006. (R. 11)[1]. Plaintiff's application to the Commissioner was denied and she then moved for a hearing which was held before ALJ Glazer, on August 28, 2008. (R. 23-70). In a decision dated October 1, 2008, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became final when the Social Security Appeals Council affirmed the decision of the ALJ on February 5, 2009. On March 19, 2009, Plaintiff filed this action pursuant to § 405(g) of the Act for review of the final decision of the Commissioner.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits and Supplemental Security Income. Additionally, the section

---

[1] Citations to "R." refer to the Record of the Administrative Proceedings

directs that when considering such claims, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence within the record and is proper as a matter of law**

The ALJ in his decision, found that Plaintiff was not disabled pursuant to the relevant portions of the Social Security Act ("the Act"). A disability is defined within 42 U.S.C. § 423(d) to be the:

> *"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months."* 42 U.S.C. § 423(d) (1991).

In determining the threshold question of Plaintiff's disability, the ALJ adhered to the Administration's 5-step sequential analysis for evaluating assignments of disability benefits.[2] See 20 C.F.R. § 404.1520. Having gone through the evaluation process, the ALJ found (1) Plaintiff was not currently engaged in substantial gainful activity; (2) Plaintiff had suffered from the following "severe impairments": major depressive disorder and bipolar disorder; (3) Plaintiff's impairment did not meet or equal those listed within 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 416.920(d)); (4)After consideration of the

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity ("RFC") to perform his past work; and (5) determine whether the claimant can perform other work. See id.

record, Plaintiff has essentially unlimited residual functional capacity ("RFC") and is therefore able to perform her past relevant work. (R. 60- 62).

### A. The medical evidence within the record supports the Commissioner's finding that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1

The ALJ properly relied on the criteria listed within section 12.04 of the listed impairments that a claimant must have in order to be diagnosed with a depressive syndrome. (R. 14). As ALJ Glazer discussed, considering Plaintiff's impairments, they do not reach the severity needed in order to render a verdict of disabled within the medical criteria as well as the meaning of the Act. (R. 14).

Considering the evidence within the record, including medical expert testimony, the ALJ properly assessed Plaintiff's impairments as:

> *"mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate limitations in maintaining concentration, persistence, and pace, and no episodes of decompensation, collectively such conditions are not limiting functionally to a disabling extent."* (R. 16).

Though the Plaintiff demonstrated limited restrictions due to her mental impairment, I find that Plaintiff's restrictions do not meet the severity needed as required under section 12.04. Therefore Plaintiff does not meet or equal a listed impairment listed within 20 C.F.R. Part 404, Subpart P, Appendix 1.

## B. The Commissioner's finding that Plaintiff retains the RFC to perform sustained work activity is supported by substantial evidence within the record

In Plaintiff's submissions to the Court, she stated her reasons for inability to work was due to her depression, anxiety, nervousness, problems with concentration and memory, uncontrolled crying, problems focusing and stress. Plaintiff also stated that she was incapable of holding a job due to her inability to remember things she was taught, inability to focus or concentrate as well as crying at work. (R. 125) The ALJ was correct in considering a function report that Plaintiff had filled out for the Office of Temporary and Disability Assistance in determining Plaintiff's disability status. (R. 134-42). Within the report, Plaintiff discussed some of her daily activities such as riding her bike, watching television, completing housework, and visiting with friends. (R. 134-136).

Plaintiff stated that she was able to go out into the community to complete her grocery shopping, visit with friends and family, and also go to her doctors appointments. She did so approximately three to four days a week. Plaintiff states that she usually engages in activities that interest her daily or when she feels up to it. (R. 138). Plaintiff also stated that she has severe ups and downs, sometimes daily; does not like to be alone; doe not like to get out of bed; aches all over with uncontrollable mood swings; and feels scared and isolated. (R. 141).

During the Administrative Proceeding, the Plaintiff had testified that all of her jobs were through temporary agencies and

that she no longer was employed by the specific employers because they were no longer in need of her services. Plaintiff also had a job as a bartender which she held just for fun. (R. 28-29). During many of Plaintiff's mental evaluations she attested to the many different types of medications she was prescribed, and that she had no side effects from them. (R. 17).

### i. **Medical Evidence supports the Commissioners decision that Plaintiff retains the RFC to perform sustained work activity**

The ALJ properly determined that the Plaintiff was not a psychiatrically totally disabled individual based on the medical evidence within the record. (R. 19).

A psychiatric consultative examination that was performed on December 28, 2006 supported the claim that Plaintiff maintained the RFC to perform her past work. (R. 235-239). Dr. Kevin Duffy, a consultative psychologist that conducted the evaluation, found that Plaintiff's attention and concentration skills were generally intact. (R. 237). This evidence rebutted Plaintiff's subjective testimony regarding her attention and concentration skills. (R. 134-141). The ALJ is permitted, because of the discrepancy between the testimony of the Plaintiff and the doctor, to decide what testimony should be considered as substantial evidence. It is well established that a consultive psychologist's opinion may serve as substantial evidence in support of an ALJ's finding in determining a claim of disability. Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983). Because the ALJ had relied on the doctors opinion as to Plaintiff's attention and concentration

skills, and the conclusion was not contradicted by any other medical evidence within the record, the ALJ's reliance upon Dr. Duffy's findings was appropriate.

Plaintiff was also assessed by Dr. Tzetzo, a State Agency Disability Determination Service review psychiatrist in January 2007 in which he had assessed Plaintiff's attention and concentration levels. (R. 261). This assessment, was to measure Plaintiff's "capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." (R. 261). Dr. Tzetzo opined that Plaintiff was not significantly limited in understanding and memory; had ranged from not significantly limited to moderately limited within the category of sustained concentration and persistence; Plaintiff ranged from not significantly limited to moderately limited in social interaction; and also ranged from not significantly limited to moderately limited in the area of adaptation. (R. 261-63). As a result of the evaluation, Plaintiff was not found to be "markedly limited" in any mental activities. (R. 261-63).

Dr. Tzetzo, after performing a psychiatric review of Plaintiff, concluded:

> "based on the evidence ... claimant should be able to understand and follow work directions in a work setting, maintain attention for such work tasks, relate adequately to a work supervisor for such work tasks, and use judgement to make work related decisions in a work setting now." (R. 259).

It has also been established that State agency psychiatric consultants are qualified experts within the field of Social

Security disability. 20 C.F.R. §§ 404.1512(b)(6) and 416.912(b)(6). The ALJ was correct in accepting the opinion of Dr. Tzetzo as it was consistent with all of the other medical evidence within the record.

In addition to the medical evidence, Plaintiff had also testified at the Administrative hearing that she was able to follow written instructions and has no problems getting along with "bosses" or others in authority. (R. 140). Based on all the evidence in the record, I find that the ALJ correctly determined that the Plaintiff is capable of performing the mental demands of daily work.

### C. **Plaintiff retained the RFC to perform her past relevant work**

Plaintiff argues that she is unable to perform her past relevant work because of difficulties maintaining attention and concentration, making appropriate decisions, relating adequately with others, and dealing appropriately with stress. (Pl. Br. At 6). However, the ALJ properly concluded, based on the evidence in the record, that plaintiff's attention and concentration were not significantly limited. (Tr. 16.) The ALJ properly relied upon Dr. Tzetzo's opinion in which he concluded that the plaintiff could understand and follow work directions, relate adequately to supervisors, and make work-related decision. (Tr. 259.) See 20 C.F.R. §§ 404.1512(b)(6) and 416.912(b)(6). Plaintiff argues that even if the ALJ's RFC determination was supported by substantial evidence, she still could not return to her past relevant work. The fact that the plaintiff may not be capable of

returning to her past relevant work does not preclude her ability to perform the functional demands and job duties as they are generally performed throughout the national economy. <u>Jock v. Harris</u>, 651 F.2d 133, 135 (2d Cir. 1981); SSR 82-61. The ALJ correctly relied upon the <u>Dictionary of Occupational Titles</u> ("DOT") to determine whether the plaintiff could perform her past relevant work given her RFC. Since the plaintiff retained essentially an unlimited RFC, she retained the RFC to perform her past relevant work as she actually performed it and as it is generally performed throughout the national economy and, therefore, she was not disabled. (Tr. 19, 20 C.F.R. §§ 404.1520(e)(f), 404.1565, 416.920(e)(f).) I conclude that the ALJ correctly found that plaintiff retained essentially an unlimited RFC and is, therefore, not disabled.

### D. **The ALJ properly assessed Plaintiff's credibility**

Plaintiff claims the ALJ did not properly assess her subjective complaints in concluding that "Plaintiff's testimony regarding her impairments ... on her ability to work were not entirely credible." (Pl. Br. at 15). Examination of the record revealed that the ALJ had properly evaluated Plaintiff's credibility and followed the criteria articulated within SSR 96-7p.

The Commissioner correctly points out that the ALJ is not obligated to accept Plaintiff's subjective testimony without question. (Comm. Reply at 6). Because Plaintiff's complaints were unsupported by the medical evidence within the record, a claim of disability must be denied because there must be medical signs or other findings which show the existence of a medical condition.

42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(b) and 416.929(b); SSR 96-7p. Since Plaintiff's subjective complaints did not have any medical evidentiary support, the ALJ was correct in not assessing any weight to Plaintiff's subjective complaints.

Both the medical records as well as doctor opinions support the ALJ's decision that Plaintiff's limitations do not reach the severity level of disability under the Act that would qualify Plaintiff for both DIB and SSI. Accordingly, I find that the ALJ's decision that Plaintiff was not disabled within the meaning of the Act to receive disability insurance benefits nor Supplemental Security Income was supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, I grant the Commissioners motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         June 28, 2010